## DAVID AUGUST DHAEMERS v. STATE.

175 N. W. (2d) 457.

March 6, 1970—No. 41503.

*Whitney E. Tarutis*, for appellant.

*Douglas M. Head*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, Assistant County Attorney, for respondent.

NELSON, JUSTICE.

David August Dhaemers appeals from an order denying his petition for postconviction relief.

On January 9, 1962, the Hennepin County grand jury returned two first-degree murder indictments against petitioner for the deaths of his wife and his mother-in-law. Petitioner, represented

by private counsel of his own choosing, appeared before the district court for arraignment January 10, 1962.

Pursuant to a petition by his counsel, and on the advice of the Hennepin County Department of Court Services that petitioner was unable to participate in his own defense, the district court on January 19, 1962, ordered the court commissioner to conduct a sanity hearing. The commissioner's report agreed that petitioner was at that time incompetent to stand trial and further rendered an opinion that he was insane at the time of the commission of the alleged crimes. The district court adopted the commissioner's report and found not only that petitioner was "in a state of insanity so as to be incapable of understanding the criminal proceedings against him and in cooperating in his defense," but also that at the time of the commission of the offense he was in a state of insanity and by reason thereof was laboring under such a defect of reason as not to know the nature of his act or that it was wrong.

Thereafter, petitioner was ordered committed to the Minnesota Security Hospital at St. Peter, Minnesota, "there to remain until wholly recovered or until thence discharged by due process of law or competent authority."

Upon advice of the superintendent of the security hospital that petitioner was then competent to stand trial, petitioner was returned to the District Court of Hennepin County on September 11, 1962, where he entered his plea of not guilty to both indictments.

Pursuant to a defense motion for further examination of petitioner for the purpose of determining his competency to stand trial, he was again referred to the Department of Court Services. The resultant reports revealed that he was still unable to participate in his own defense, whereupon he was recommitted to the security hospital. Again upon advice of the medical director of the security hospital on October 28, 1964, petitioner was ordered returned to the district court to stand trial. Upon another examination by the Department of Court Services and a private

psychiatrist, defense counsel agreed that the case proceed to trial. After waiving a jury, petitioner was tried before the court on January 26, 1965, and found guilty of first-degree murder on each of the two indictments.

Thereafter, petitioner appealed to the supreme court, contending that the district court's order of commitment to the security hospital contained an adjudication that he was insane at the time of the murders and that such order was res judicata as to all matters found therein. The convictions were affirmed in State v. Dhaemers, 276 Minn. 332, 150 N. W. (2d) 61.

On March 13, 1968, petitioner filed a petition for postconviction relief pursuant to Minn. St. 590.03. On April 25, 1968, the state moved to deny the petition. The next day the district court denied the petition, basing its decision on State v. Dhaemers, *supra,* and the present appeal followed.

The issues involved on this appeal are as follows: (1) May a person convicted of murder whose appeal on the grounds that prior to trial he was found both incompetent to stand trial and legally insane at the time of the commission of the offense was unsuccessful, because the appellate court held that only the district court at trial had jurisdiction to decide the insanity issue, thereafter attack his conviction through postconviction proceedings in which he asserts that he has already been adjudicated legally insane at the time of the commission of the offense, or, in the alternative, that he has not been adjudicated mentally competent to stand trial? (2) Did the postconviction court abuse its discretion in allowing the state an extension of time to file a responsive pleading?

Petitioner contends that the adoption by the district court, in its order for petitioner's temporary commitment, of the findings of the commissioner that petitioner was both incompetent to stand trial and legally insane at the time of the commission of the offense is res judicata as to the issue of his sanity at the time of the commission of the offense. This court held in State v. Dhaemers, 276 Minn. 332, 337, 150 N. W. (2d) 61, 65, that the

determination of petitioner's mental state at the time of the murders was "a matter for the court's determination based on the evidence at the time of trial, not on a preliminary hearing prior to trial"; and that the commissioner's determination that petitioner was insane at the time of the commission of the offense was not binding upon the court in the subsequent trial. We held that such finding was "not necessary and at best was mere surplusage."

This court's conclusion in Dhaemers is supported by the plain language of two statutes, Minn. St. 631.18, which deals with an examination of a defendant charged with a crime for the purpose of determining whether he is competent to stand trial, and § 631.19, which deals with a determination of his guilt or innocence based upon insanity at the time of the commission of the offense. The latter statute provides for commitment to a state hospital only if "*during the trial* of any person on an indictment or information such person shall be found to have been, at the date of the offense alleged in the indictment, insane * * * and is acquitted on that ground * * *." (Italics supplied.) This statute also requires a written certificate signed by the superintendent of the hospital that the person is "wholly recovered" before he may be liberated from the hospital.

It is thus clear that § 631.19 is not applicable in the present case since the district judge's adoption of the commissioner's determination that petitioner was insane at the time of the commission of the offense did not take place *during the trial*. Therefore, any discussion by petitioner with regard to the order that he be committed to the security hospital until he be adjudged "wholly recovered" is irrelevant since such extent of recovery is applicable only to § 631.19.

On the other hand, § 631.18 was determinative in the first Dhaemers case, and nothing has appeared in the instant appeal to change that. Section 631.18, so far as material, reads:

"When any person under indictment or information, and be-

fore or during the trial thereon and before verdict is rendered, shall be found to be insane * * * the court * * * shall forthwith commit him to the proper state hospital * * * until he shall recover, when he shall be returned to the court * * * to be placed on trial * * *."

It is not necessary that there be a determination that the person charged be wholly recovered before he be brought to trial. He need be recovered only to such a degree as to be capable of understanding the proceedings and making a defense thereto.[1]

This brings us to the main thrust of petitioner's argument. He apparently contends that in order to satisfy due process requirements it is necessary that before he is brought to trial after release from the security hospital, a hearing must be held to determine whether or not he is competent to stand trial. Such contention is based on the United States Supreme Court holding in Pate v. Robinson, 383 U. S. 375, 86 S. Ct. 836, 15 L. ed. (2d) 815, and our holding in State v. Jensen, 278 Minn. 212, 153 N. W. (2d) 339, that a defendant's competence to stand trial must be determined at a hearing.

In deciding that petitioner was properly before the district court to stand trial, this court is not departing from the Jensen and Pate decisions. In Jensen defendant was convicted without ever having a determination of his competency to stand trial. The court distinguished State v. Dhaemers, *supra*, on the grounds that there proceedings were initially employed to determine whether defendant was competent to stand trial. In Jensen, Minn. St. 611.026, not § 631.18, was the critical statute. In the instant case it was formally determined that petitioner was, for a time, incompetent to stand trial. This same factor serves to distinguish the Pate decision.

It must further be determined in the instant case whether § 631.18 was properly followed in bringing petitioner to trial. No formal hearing is required under this section. The court may

---

[1] See, Opinion Attorney General, No. 248-A-2, Oct. 29, 1956.

determine its own procedure to bring an accused before it for trial.[2]

The order requiring petitioner to be delivered from the hospital to the court to stand trial was based on the advice of Dr. J. B. Lund, acting medical director of the Minnesota Security Hospital, that petitioner was competent to stand trial. In addition, petitioner was examined by a private psychiatrist and on the basis of his opinion of petitioner's competency to stand trial, petitioner's counsel agreed that the matter should be marked standing for trial. We do not see what more could have been done. We therefore affirm the lower court on this issue. See, Sims v. Lane (7 Cir.) 411 F. (2d) 661; United States v. Sharp (4 Cir.) 381 F. (2d) 708.

The second issue involves petitioner's contention that the state's delay in filing an answer to the petition for postconviction relief is a violation of § 590.03 and an admission that petitioner is entitled to the relief prayed for. The state's answer, a motion that the petition be denied, was made the day before the district court made its order.

Section 590.03, as far as material, provides:

"Within 20 days after the filing of the petition pursuant to section 590.01 or within such time as the judge to whom the matter has been assigned may fix, the county attorney, or the attorney general * * * shall respond to the petition by answer or motion which shall be filed with the clerk of district court and served on the petitioner if unrepresented or on the petitioner's attorney."

Under the plain wording of § 590.03, the 20-day limit is not absolute and the state may be granted an extension of the time for filing a responsive pleading. Since § 590.03 allows the postconviction court in its own discretion to "fix" the time period within which the state must file a responsive pleading, that court clearly did not abuse its discretion in denying the petition be-

---

[2] See, Opinion Attorney General, No. 248-A-2, *supra*.

cause the state had not filed an answer earlier. Furthermore, petitioner failed to show prejudice from the delay on the part of the state in filing its responsive pleading.

Petitioner's final contention is that he was denied his right to adequate and competent counsel when his counsel consented to proceed to trial without an adjudication of sanity. We have already pointed out that an order requiring petitioner to be delivered to the court had been issued by the district court based on the advice of the acting medical director of the security hospital that petitioner was competent to stand trial. His counsel was also advised by a private psychiatrist that petitioner was competent to stand trial. We feel that any objection by petitioner's counsel to the marking of the case for trial would have been a dilatory tactic.

In summary, the question of whether the trial court had jurisdiction to enter a judgment of guilty was determined affirmatively by this court in State v. Dhaemers, *supra*. We hold this court's decision in that appeal to be dispositive of the question. We further hold that the postconviction court did not abuse its discretion in denying the petition even though the state filed its responsive pleading more than 20 days after the receipt of the petition. No prejudice has resulted from the extension. The decision of the postconviction court is therefore affirmed.

Affirmed.